CARIDAD H.,

                               Plaintiff,

v.                                                                  5:18-CV-893
                                                                         (TWD)

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF STEVEN R. DOLSON<br>  *Attorney for Plaintiff*<br>126 North Salina Street<br>Suite 3B<br>Syracuse, New York 13202 | STEVEN R. DOLSON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>REGION II<br>  *Attorney for Defendant*<br>26 Federal Plaza - Room 3904<br>New York, New York 10278 | PRASHANT TAMASKAR, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

      Plaintiff Caridad H. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). (Dkt. No. 1.) This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. (Dkt. Nos. 9,

17.) Oral argument was not heard. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a Magistrate Judge. (Dkt. No. 5.) For the reasons discussed below, the Commissioner's decision denying Plaintiff's disability benefits is affirmed.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born on May 18, 1973, and lives in Watertown, New York. On January 27, 2015, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income alleging disability beginning March 4, 2013. (Administrative Transcript at 14.)[1] In those applications, Plaintiff asserted she suffered from the following conditions: rheumatoid arthritis, bilateral hip impairment, spine impairment, bulging discs, stomach ulcers, bilateral leg impairment, and hypertension. (T. at 206.)

Plaintiff's applications for benefits were denied on May 12, 2015. (T. at 75-78.) Thereafter, Plaintiff timely filed a written request for a hearing. (T. at 88-89.) A hearing was held on April 10, 2017, in front of Administrative Law Judge ("ALJ") Jeremy G. Eldred. (T. at 30-50.) Plaintiff appeared at the hearing with her attorney and testified. (*Id*.) Christine Ditrinco, a vocational expert ("VE"), also testified. (T. at 47-49.) On May 25, 2017, the ALJ issued a decision finding Plaintiff was not disabled, as defined in the Social Security Act, since March 4, 2013, the alleged onset date. (T. at 11-29.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 5, 2018. (T. at 1-4.) Plaintiff timely commenced this action challenging the Commissioner's final decision on July 31, 2018. (Dkt. No. 1.)

---

[1] The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the numbers the Court's CM/ECF electronic filing system automatically assigns.

## II. APPLICABLE LAW

### A. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). To facilitate the Court's review, an ALJ must set forth the crucial factors justifying her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides,

3

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### B. Standard for Benefits[2]

To be considered disabled, a plaintiff-claimant seeking SSDI benefits must establish he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 1382c(a)(3)(B).

---

[2] The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

4

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the plaintiff-claimant meets his or her burden of proof, the burden shifts to the defendant-Commissioner at the fifth step to prove the plaintiff-claimant is capable of working. *Id.*

### III. THE ALJ'S DECISION AND THE PARTIES' CONTENTIONS

At step-one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 4, 2013, the alleged disability onset date. (T. at 16.) Continuing to step-two, the ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease in the lumbar spine, and degenerative joint disease in the hips. (*Id.*) The ALJ further found Plaintiff's hypertension, gastroesophageal reflux disease,

5

menorrhagia, rheumatoid arthritis, acute respiratory illness, wrist pain, right leg pain, depression, and anxiety were non-severe impairments. (T. at 17-19). At step-three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, app'x. 1. (*Id.*)

Thereafter, the ALJ, "[a]fter careful consideration of the entire record," determined Plaintiff had the RFC to "perform the full range of sedentary work, as defined in 20 C.F.R. 404.1567(a) and 416.967(a)." (T. at 20.) In reaching his RFC determination, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." (*Id.*) The ALJ also considered opinion evidence. (*Id.*)

Given Plaintiff's age, education, work experience, and RFC, the ALJ found there are jobs existing in significant numbers in the national economy Plaintiff can perform. (T. at 23.) Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since March 4, 2013. (T. at 23-24.)

In support of her action, Plaintiff makes two principal arguments with respect to the ALJ's RFC finding. First, according to Plaintiff, the medical evidence and Plaintiff's testimony support a non-exertional limitation regarding bending and the ALJ's failure to include such a limitation was reversible error. (Dkt. No. 9 at 1, 5-8.) Defendant, on the other hand, argues the ALJ's RFC determination—limiting Plaintiff to "sedentary" work—includes what amounts to a built-in limitation on bending. (Dkt. No. 17 at 6-9.) Accordingly, Defendant contends substantial evidence supports the ALJ's RFC determination.

Second, Plaintiff argues the ALJ failed to account for Plaintiff's use of a walking cane. (Dkt. No. 9 at 1.) Specifically, Plaintiff contends her walking cane is medically necessary and the ALJ erred in failing to consider the limitations using a cane would impose on her ability to perform work-related activities. (*Id*. at 8-10.) Defendant argues Plaintiff failed to provide evidence that demonstrated her cane was "medically necessary." (Dkt. No. 17 at 9-11.) Therefore, Defendant asserts the ALJ's RFC determination was legally correct and the Court should affirm the Commissioner's decision.

The ALJ's decision provides a detailed statement of the medical and other evidence of record. (T. at 16-22.) The Court has reviewed the volumes of medical records in the file relating to the period at issue in this case. However, Plaintiff only challenges two discrete issues related to the ALJ's RFC determination. Thus, rather than reciting the multitude of evidence in the record at the outset, the court will discuss the relevant details below, as necessary, to address the issues Plaintiff raised.

## IV. ANALYSIS

### A. Non-Exertional Limitation in the ALJ's RFC Determination

#### 1. The Parties' Positions

As noted above, Plaintiff asserts it was legal error for the ALJ to omit a non-exertional limitation regarding her ability to "bend" in her RFC. (Dkt. No. 9 at 5-8.) Plaintiff notes consultative examiner Elke Lorensen, M.D. ("Dr. Lorensen") opined Plaintiff would have mild-moderate limitations with bending. (*Id*. at 5 (citing T. at 495).) Plaintiff states the ALJ gave Dr. Lorensen's opinion "great weight" but neglected to include a limitation in the RFC analysis for bending. (*Id*. at 5-6.) According to Plaintiff, Dr. Lorensen's opinion, as well as other record evidence, support a limitation on bending. (*Id*. at 6.)

Defendant argues the RFC implicitly includes a limitation for bending and Plaintiff is mistaken that the ALJ committed any error. (Dkt. No. 17 at 6-9.) Defendant contends an RFC limited to "sedentary work" necessarily restricts Plaintiff to a limited amount of stooping and being able to sit for six hours and walk/stand for at least two hours in an eight-hour day. (*Id*. at 6-7 (citation omitted).) Thus, according to Defendant, "[t]he fact that the ALJ did not explicitly state the stooping, sitting, and standing/walking limitations did not mean that these limitations were not included in the RFC." (*Id*. at 7.) In other words, Defendant asserts Dr. Lorensen's mild-moderate limitation in bending is consistent with an RFC to perform a full range of sedentary work. (*Id*.)

2.  Law and Discussion

RFC is defined as "what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45 52 (2d Cir. 1999)) (internal citations omitted). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 11-CV-0927 (ESH), 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *8). The RFC determination "must be set forth with sufficient specificity to

enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

As recounted above, the ALJ found Plaintiff has the RFC "to perform the full range of sedentary work." (T. at 20 (citing 20 C.F.R. §§ 404.1567(a), 416.967(a)).) The relevant regulations provide:

> [s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a); 20 C.F.R. § 416.967(a) (same). As explained in SSR 83-10, "[b]y its very nature, work performed primarily in a seated position entails no significant stooping . . . ." SSR 83-10, 1983 WL 31251 at *5. Moreover, SSR 85-15 provides that, "[i]f a person can stoop occasionally . . . in order to lift objects, the sedentary and light occupational base is virtually intact." SSR 85-15, 1985 WL 56857 at *7;[3] *see also* SSR 96-9p, 1996 WL 374185 at *8 (noting "restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work"); *Davis v. Astrue*, No. 09 CIV. 4006, 2013 WL 3388951, at *15 (S.D.N.Y. July 8, 2013) (stating "the inability to bend on a repetitive basis is not inconsistent with a residual functional capacity for the full range of sedentary work" (citation omitted)). In other words, an RFC to perform "sedentary work" implicitly—if not explicitly— includes a mild-moderate limitation in bending/stooping.

---

[3] Stooping was defined as "bending the body downward and forward by bending the spine at the waist." SSR 85-15, 1985 WL 56857, at *5. SSR 85-15 does not mention "bending" among the various postural impairments but rather, "stooping, kneeling, crouching, and crawling," which are noted to be "progressively more strenuous forms of bending parts of the body, with crawling as a form of locomotion involving bending." *Id*.

9

Here, the ALJ's decision shows he considered Dr. Lorensen's opinion regarding whether Plaintiff was able to bend as a part of his global evaluation of Plaintiff's physical limitations. To that end, the ALJ pointed to records indicating Plaintiff's gait was normal, and she was able to walk on her heels. (T. at 22, 493.) He further stated Plaintiff was able to rise from a chair without difficulty and did not need help changing or getting on and off the examination table. (T. at 22, 493.) The ALJ indicated Plaintiff had "somewhat limited range of motion of the lumbar spine, but was able to flex 80 degrees, extend to 20 degrees, laterally flex to 30 degrees and rotate fully." (T. at 22, 494.) Moreover, the ALJ stated Plaintiff had somewhat limited range of motion of her hips and knees but full range of motion in her ankles. (T. at 22, 494.) He noted Plaintiff had no sensory or strength deficits in her lower extremities and no muscle atrophy. (T. at 22, 494.) The ALJ indicated straight leg testing was negative and Plaintiff retained full range of motion of her cervical spine, shoulders, elbows, forearms, and wrists. (T. at 22, 494.) He also pointed to other record evidence noting Plaintiff retained full range of motion of all extremities during examination and had negative straight leg raising tests in February 2015. (T. at 21, 513.)[4]

Therefore, the Court finds the ALJ's RFC determination is consistent with Dr. Lorensen's medical opinion and supported by substantial evidence. *See Stacey v. Comm'r of Soc. Sec.*, No. 09-CV-638, 2011 WL 2357665, at *6-7 (N.D.N.Y. May 20, 2011) (consultative examiner's opinion plaintiff appeared to have moderate limitations with regard to bending, lifting, and prolonged standing and walking was consistent with ALJ's determination plaintiff could perform

---

[4] Though Plaintiff points to areas in the record that may support a more restrictive RFC (Dkt. No. 9 at 6 (citations omitted)), it was the ALJ's exclusive province to consider all the relevant evidence, weigh the respective opinions, and ultimately reconcile conflicting evidence. *See Aponte v. Sec'y, Dept. of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (noting "[i]t is the function of the Commissioner, not the reviewing courts, to resolve evidentiary conflicts" (citation and internal punctuation omitted)).

most forms of light work); *see also Jordan v. Comm'r of Soc. Sec.*, 2018 WL 1388527, at *9-10 (S.D.N.Y. Mar. 19, 2018) (ALJ's determination plaintiff could perform light work was supported by substantial evidence where consultative examiner's opinion of "moderate" limitations was consistent with objective medical findings in the record).

### B. Medically Necessary Device

#### 1. The Parties' Positions

As set forth above, Plaintiff argues the ALJ failed to properly assess Plaintiff's need for a hand-held assistive device, specifically a walking cane. (Dkt. No. 9 at 8.) According to Plaintiff, the record establishes she was using a cane as early as June 28, 2013, and Susan Walker, NP ("Ms. Walker") prescribed her a cane in January 2017.[5] (*Id*. at 9 (citing Tr. at 348).) Plaintiff also points to record evidence she suggests shows she was walking with a limp and/or an abnormal/antalgic gait. (*Id*.) Plaintiff asserts her testimony is "far from clear" as to when she began using a cane. (*Id*. at 10.) Finally, Plaintiff asserts her case is like the plaintiff in *Shepard v. Comm'r of Soc. Sec.*, wherein the Court remanded instructing the ALJ to consider whether the cane was medically necessary. (*Id*. (citing *Shepard v. Comm'r of Soc. Sec.*, No. 5:16-CV-1347, 2017 WL 5508377 at *11 (N.D.N.Y. Nov. 15, 2017).)

Defendant argues there was no evidence to indicate the use of a cane was more than a temporary measure. (Dkt. No. 17 at 9.) Thus, according to Defendant, Plaintiff could not satisfy her burden of proving her use of the cane was medically necessary. (*Id*. at 10.) Defendant further asserts Plaintiff's attempt to point to medical records stating she used a cane and walker

---

[5] As Plaintiff pointed out and Defendant concedes, the ALJ's statement that Ms. Walker never examined Plaintiff is not accurate. (Dkt. No. 9 at 10; Dkt. No. 17 at 9 n. 4.) Nevertheless, the ALJ's misstatement is immaterial to the Court's finding that Plaintiff failed to show her cane was medically necessary. Notably, as Defendant argues, Ms. Walker first examined Plaintiff on March 16, 2016 (T. at 694), but did not prescribe a cane until January 2017, suggesting Ms. Walker did not believe a cane was necessary until January 2017, at the earliest.

11

and had an abnormal gait does not establish a cane was a medical necessity. (*Id*.) Defendant contends Plaintiff's testimony establishes she was only using a cane since Ms. Walker prescribed the cane in January 2017. (*Id*.) Thus, Defendant argues Plaintiff cannot show the extent of the impairment necessitating use of the cane was expected to last at least 12 continuous months. (*Id*. (citing 20 C.F.R. §§ 404.1509, 416.909 (requiring the impairment to last or be expected to last for a continuous period of at least 12 months).)

2. Law and Discussion

SSR 96-9p provides there "must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which the assistive device is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain, and any other relevant information)." SSR 96-9, 1996 WL 374185, at *7. A cane need not be prescribed to be considered medically necessary, but there must be specific medical documentation establishing the need for it and the circumstances surrounding that need. *Hoke v. Colvin*, No. 1:14-CV-663, 2015 WL 3901807, at *14 (N.D.N.Y. June 25, 2015). Plaintiff has the burden to establish such medical necessity. *Wilson v. Comm'r of Soc. Sec.*, No. 6:13-CV-643, 2014 WL 4826757, *10–11 (N.D.N.Y. Sept. 29, 2014). A physician's observation that a patient used a cane or had an unsteady gait does not satisfy this burden. *Hoke*, 2015 WL 3901807, at *14.

The Court has reviewed the record in this case and determines it lacks an opinion or finding from any medical provider concluding the cane was medically necessary. Though Plaintiff notes one medical record mentions her use of a cane, that record does not explain the circumstances surrounding her use of the cane or whether the cane was medically necessary. (T. at 348.) The records Plaintiff points to indicating she had an "abnormal" or "antalgic" gait are

silent about her use of a cane. (T. at 322 (noting an "abnormal gait), 450 (same), 470 (same), 442 (noting an "antalgic gait"), 449 (same).) Plaintiff's testimony only establishes she was using a cane for the few months prior to the ALJ's hearing but she did not describe prolonged use of the cane. (T. at 42-45.) Indeed, Plaintiff's response to a question from her own attorney regarding how long she had been using the cane was that it was only for "two months." (T. at 45.)

Furthermore, as noted above, Dr. Lorensen observed Plaintiff had a normal gait and was able to walk on her heels. (T. at 493.) She also specifically noted Plaintiff did not use an assistive device. (*Id*.) Dr. Lorensen further reported Plaintiff did not need help changing for the exam or getting on and off the exam table. (*Id*.) Plaintiff was described as able to rise from her chair without difficulty. (*Id*.) Dr. Lorensen concluded Plaintiff had "no gross limitation sitting, standing, [or] walking . . . [.]" (T. at 495.) Dr. Lorensen's medical opinion is inconsistent with a finding that a cane was medically necessary.

Moreover, the *Shepard* case is not analogous to the present appeal. The plaintiff in *Shepard* produced considerably more evidence relative to his use of a cane including multiple medical reports indicating doctors encouraged the use of a cane and that it was "necessary." *Shepard*, 2017 WL 5508377 at *12 (noting "there are multiple medical records that mention plaintiff's cane, and some that 'encourage' plaintiff to continue to use the assistive device"). Here, Plaintiff is unable to point to any medical records suggesting that a cane is medically necessary. The ALJ is entitled to rely on what the record says as well as what it does not say. *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983); *Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (noting that the ALJ properly relied on the absence of findings in the record regarding the claimant's alleged inability to sit).

In sum, Plaintiff failed to carry her burden to establish the medical necessity for the use of her cane. *See Wilson*, 2014 WL 4826757 at *10–11; *Gordon v. Colvin*, No. 1:14-CV-0541, 2015 WL 4041729, at *4 (N.D.N.Y. July 1, 2015). Therefore, Plaintiff cannot demonstrate any legal error under SSR 96–9p.

## V. CONCLUSION

In light of the foregoing, the Court finds the ALJ's decision was based upon correct legal standards and substantial evidence supports his determination that Plaintiff was not under a disability within the meaning of the SSA. 20 C.F.R. §416.920(g).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**, and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 19, 2019
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge